UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. BURNSIDE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:16-cv-00947-JAR |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Thomas E. Burnside's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (Doc. 1-1.) The government responded (Doc. 9), and Petitioner filed a reply (Doc. 12). For the following reasons, Petitioner's petition is **DISMISSED as moot.**

### Introduction and Background

In 1975, Petitioner was convicted of rape and kidnapping and sentenced to consecutive terms of fifty and ten years in prison, respectively. (Doc. 1-1 at 2.) Two years later, he was convicted of assault with intent to kill and second-degree assault, adding an additional four years to his sentence. (*Id.*) Petitioner was incarcerated at the Northeast Correction Center in Bowling Green, Missouri.[1] (Doc. 9 at 1.)

In 2003, Petitioner was notified that his minimum mandatory release date was June 8, 2008. (Doc. 1-3 at 7.) However, Petitioner was denied parole in February 2008. (Doc. 9-2 at 1.)

---

[1] He completed his sentence for rape on May 10, 2011, but he remained in custody and serving the remainder of his consecutive terms for kidnapping and assault. (*See* Doc. 1-3 at 8.)

1

The Missouri Board of Probation and Parole stated that releasing Petitioner would "depreciate the seriousness" of his offense and that Petitioner refused to complete a "Board stipulated institutional program." (*Id.*) On March 13, 2012, Petitioner was again denied parole on the ground that release would undermine the seriousness of his offense. In addition, the Board listed the Missouri Sexual Offender Program ("MOSOP") as a special condition of release. (Doc. 1-3 at 6.) At the same time, the Board extended Petitioner's minimum mandatory release date to November 8, 2016. (*Id.*)

In November 2015, Petitioner filed a Motion for habeas corpus under Missouri Rule 29.15, alleging that the MOSOP was instituted in 1988, making its application to him a violation of the Ex Post Facto Clause of the United States and Missouri Constitutions. (*Id.* at 4-5.) That motion was denied by the trial court in March 2016 and the denial was affirmed by the Missouri Court of Appeals on June 2, 2016. (Doc. 1-3 at 1-3.) Petitioner did not seek transfer to the Missouri Supreme Court.

On March 10, 2016, while Petitioner's Rule 29.15 Motion was on appeal, the Parole Board extended Petitioner's minimum mandatory release date to November 8, 2018, again citing the serious circumstances surrounding Petitioner's offenses and adding, "There does not appear to be a reasonable probability at this time that the offender would live and remain at liberty without again violating the law." (*Id.* at 4.) In support of its likely-to-reoffend conclusion, the Parole Board noted that Petitioner had not completed MOSOP. (*Id.* at 5.)

Petitioner filed this petition on June 20, 2016, again arguing that he was denied parole based on his failure to complete MOSOP and that the denial violates the Ex Post Facto Clause. (Doc. 1 at 14; Doc. 1-1.) Respondent argues that the Petitioner's claim is time-barred, unexhausted, moot, and meritless. (Doc. 9.) Petitioner replies that precedent from the Supreme Court and this District support his claim. (Doc. 12.)

On September 9, 2019, the Court ordered Respondent to supplement the record regarding Petitioner's current state of custody. (Doc. 14.) On September 17, 2019, Respondent represented to the Court that Petitioner "was released on parole on April 4, 2019 and is currently under the supervision of the Missouri Board of Probation and Parole." (Doc. 16.)

In light of Petitioner's current custodial status, the Court finds that his petition is moot. Mootness is a jurisdictional bar that "can arise at any stage of litigation," *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citing *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10 (1974)), and federal courts "may not 'give opinions upon moot questions or abstract propositions,'" *id.* (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). When a litigant receives the specific relief he seeks, his case becomes moot. *Flittie v. Erickson*, 724 F.2d 80, 81 (8th Cir. 1983) (dismissing as moot a 28 U.S.C. § 1983 case premised on the denial of parole when the plaintiff was released on parole).

Petitioner's only claim is that he was being denied parole for his failure to complete MOSOP. He has since been granted parole. As such, he has obtained the specific relief he seeks and therefore his petition is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Thomas E. Burnside's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. 1-1), is **DISMISSED as moot.**

Dated this 20th day of September, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE